## Hopper et al. v. Taylor.

(Decided Nov. 10, 1936.)

HIRAM H. OWENS for appellants.

TUGGLE & TUGGLE and GEORGE M. MANNING for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, Clabe Taylor, recovered a judgment in the Knox circuit court, in November, 1933, against Willie Hopper, Jr., for $700, with interest thereon from June 21, 1931, subject to a credit of $25, paid November 9, 1931.

Willie Hopper, Jr., had executed a note to Taylor for $700 on June 21, 1926, but apparently had paid the interest thereon until June 21, 1931. Taylor caused an execution to be issued on the judgment, and it was returned "no property found." The return was dated December 20, 1933. On April 17, 1935, he instituted this action against Willie Hopper, Jr., and his wife, Matilda Hopper, to set aside a deed from Mrs. Susan Hopper to Matilda Hopper. This deed was dated October 3, 1934, and conveyed ten tracts of land in Knox county, con-

taining approximately 575 acres. It was alleged in the petition that all of this land was, at the time of the creation of the plaintiff's debt on June 21, 1926, in the name of Willie Hopper, Jr., and that the deed from Susan Hopper to Matilda Hopper was without consideration and made for the purpose of defrauding the creditors of Willie Hopper, Jr., and to enable him to evade the payment of the plaintiff's judgment. The circuit court adjudged that the conveyance was fraudulent, and canceled the deed from Susan Hopper to Matilda Hopper and ordered the land sold to satisfy the plaintiff's judgment, and to reverse that judgment this appeal is prosecuted.

We find no legal basis for the judgment, and none is pointed out. Willie Hopper, Jr., owned eighteen tracts of land in Knox county, and on January 4, 1924, he executed a deed conveying all of his land to Matilda Blevins, whom he married in December, 1925. This deed was not lodged for record until May 4, 1929. He had become indebted to his mother, Susan Hopper, in 1922, in the sum of $2,750. On March 20, 1930, she instituted a suit in the Knox circuit court to recover the amount due her and also to have the conveyance from Willie Hopper, Jr., to Matilda Hopper, his wife, canceled on the ground of fraud, and an attachment was levied on the land. Proof was heard in that case, and judgment was entered in favor of Mrs. Susan Hopper for the amount of her debt. The deed from Willie Hopper, Jr., to his wife was set aside as fraudulent, the attachment was sustained, and the land was ordered sold by the master commissioner to satisfy the plaintiff's debt, interest, and costs. At the commissioner's sale Mrs. Susan Hopper purchased the land for the amount of her debt, interest, and costs, and the commissioner's report of sale was confirmed November 8, 1930. The commissioner was directed to execute a deed to the land on November 7, 1931, and on November 14, 1931, he executed a deed to Mrs. Susan Hopper conveying to her the eighteen tracts of land described in her petition and purchased by her at the commissioner's sale. She held title to the land until October 3, 1934, when she conveyed the ten tracts here in controversy to her daughter-in-law, Matilda Hopper, At the same time she conveyed other land owned by her to some of her children other than her son, Willie Hopper, Jr.

The appellee admits that he knew of the pendency of Mrs. Susan Hopper's suit, and that he took no action to collect his debt at that time because Willie Hopper, Jr., was making payments on the note from time to time, and he believed the debt would be paid. The deed from the master commissioner to Mrs. Susan Hopper is not attacked, and there is no proof that Mrs. Susan Hopper acquired the land in the proceeding instituted by her in 1930 with the fraudulent intent to assist her son in evading his debts. A portion of the record in that case is made a part of this record, and it tends to show a bona fide effort on her part to collect a just debt owing to her by her son. Before the appellee could secure any relief, it would be necessary for him to procure the cancellation of the commissioner's deed to Mrs. Susan Hopper. After she acquired title to the land, she could convey it to whomsoever she desired, and the creditors of Willie Hopper, Jr., cannot complain because she conveyed it to his wife instead of to him.

A creditor who complains of a fraudulent conveyance must show that his debtor has disposed of property that might otherwise have been subjected to the satisfaction of his debts. Willie Hopper, Jr., was not a party to the conveyance which appellee seeks to set aside on the ground of fraud, and there is no proof that Susan Hopper was holding the title to the land for her son, or that there was collusion or fraud in the proceeding in which she acquired title. She had the unquestionable right to subject to judicial sale the attached property and become its purchaser. The title acquired by her was absolute, and she was entirely free to convey it to Matilda Hopper or any other person on any consideration she approved. In 12 R. C. L. 523, it is said:

"There is nothing in the policy of the law to prevent a third person from making a gift to another man's wife, so far as concerns the rights of the husband's creditors. Hence a third person, after buying a husband's property at an open, public and bona fide sale, may lawfully give it to the husband's wife. The transaction cannot be fraudulent as to creditors of the husband. Indeed, any conveyance to a wife is good, notwithstanding the insolvent condition of the husband, and it is no fraud on the creditors of the husband, if he pays no part of the consideration."

136

This is an elementary rule universally applied.

The judgment is reversed, with directions to dismiss plaintiff's petition.